UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH LAFFERTY,<br><br>Defendant. | 3:25-CR-30066-ECS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO SUPPRESS |

Defendant, Joseph Lafferty, filed a motion to suppress statements attributed to Mr. Lafferty at the Cheyenne River Indian Health Service Hospital on or about July 21, 2025. Doc. 34. The motion was referred to Magistrate Judge Mark Moreno pursuant to D.S.D. L.R. 57.11(A)(2). Judge Moreno held a hearing on the motion and subsequently issued a written report and recommendation, recommending that the motion to suppress be denied. Doc. 59.

On January 2, 2026, Lafferty filed objections to the report and recommendation, arguing the statements at issue are privileged. Doc. 68. Lafferty acknowledges, however, the statements at issue were not made to licensed psychotherapists or social workers. Id. Lafferty "prays for a change in the law that would see statements made to paraprofessionals working under the direction of doctors or licensed psychotherapists be deemed privileged communications." Id. at 2.

This court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 59 of the Federal Rules of Criminal Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). Because motions to suppress are considered dispositive matters, a magistrate judge's recommendation is subject to de novo review. 28 U.S.C. §

636(b)(1)(B)-(c). In conducting de novo review, this court may "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); see also United States v. Craft, 30 F.3d 1044, 1045 (8th Cir. 1994).

This court has conducted the required de novo review of Judge Moreno's report and recommendation. In this court's opinion, all of Judge Moreno's findings and recommendations are well grounded in the law and should be adopted. A party invoking the psychotherapist privilege has the burden of showing the communications were made (1) confidentially; (2) to a licensed psychotherapist; and (3) in the course of diagnosis or treatment. United States v. Wynn, 827 F.3d 778, 787 (8th Cir. 2016). Here, Lafferty acknowledges the statements at issue were not made to a licensed psychotherapist or social worker. Doc. 68. This alone is fatal to Lafferty's argument. See United States v. Ghane, 673 F.3d 771, 781-84 (8th Cir. 2016). While Lafferty prays for a change in the law, this court is required to follow binding precedent issued by the Eighth Circuit Court of Appeals. Therefore, it is

ORDERED that the report and recommendation issued by Judge Moreno, Doc. 59, is adopted in full. It is further

ORDERED that Defendant's objections to Judge Moreno's report and recommendation, Doc. 68, are overruled. It is finally

ORDERED that Defendant's Motion to Suppress, Doc. 34, is denied.

DATED this 7th day of January, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE