UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH LAFFERTY,<br><br>Defendant. | 3:25-CR-30066-ECS<br><br>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS IN LIMINE |

A grand jury indicted Joseph Lafferty with two counts of threatening a federal official. Doc. 1. Defendant has pled not guilty to the charged offenses and has exercised his right to a jury trial. On January 20, 2026, the Court held a pretrial conference and motion hearing, where it heard argument and ruled on pending pretrial motions in limine. The Court now formalizes its oral rulings with this Opinion and Order.

I.  **Legal Standard**

A motion in limine is "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial." Motion in limine, Black's Law Dictionary (12th ed. 2024). These motions appeal to the Court's duty, "[t]o the extent practicable," to "conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d). The use of motions in limine "streamline[s] the presentation of evidence [to] avoid unnecessary mistrials [by] safeguard[ing] the jury from hearing evidence so prejudicial that its mention could not be remedied through a corrective instruction." United States v. Martinez, No. 3:24-CR-30008-ECS, 2024 WL 4491497, at *1 (D.S.D. Oct. 14, 2024) (quoting United States v. Spotted Horse, 916

F.3d 686, 693 (8th Cir. 2019) and citing Motion in limine, Black's Law Dictionary (11th ed. 2019)). "If this Court grants a motion in limine to exclude certain information, that information must not be mentioned during voir dire, opening statements, questioning or answering by witnesses, or closing arguments, unless counsel outside the hearing of the jury obtain a contrary ruling from this Court." Id. The Court "retains the authority to revisit and change its rulings based on how the case unfolds." Id. (citing Luce v. United States, 469 U.S. 38, 41-42 (1984)).

## II. Discussion

### A. Defendant's Motions in Limine

Defendant's Motions in Limine, Doc. 72, consist of three subparts.

#### 1. Evidence or Testimony Concerning Lafferty's Prior Criminal History

Defendant moves "to prohibit the government from introducing any evidence or testimony, or questioning Defendant, regarding any alleged prior criminal history," arguing the Government has provided no notice of intent to do so, nor "a certified copy of a judgment of conviction as evidence in support." The Government did not respond to this motion. Absent any compelling argument to deny, the Court is inclined to agree that such unknown evidence or testimony, including for purposes of impeachment, will be more prejudicial to Mr. Lafferty than probative. Fed. R. Evid. 403. Subpart 1 is granted.

#### 2. Motion to Restrict Prior Bad Acts Evidence Concerning Lafferty; Possession of Firearms

Defendant moves to prohibit the introduction of prior bad acts under Federal Rule of Evidence 404(b). The Government filed a notice of intent to offer evidence of certain bad acts pursuant to Rule 404(b). Doc. 60. The matter was briefed by both parties. Doc. 61 & 62.

Evidence of other crimes, wrongs, or acts, is not admissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the

2

character. Fed. R. Evid. 404(b)(1). It "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

As to events "about a March 4, 2025 executive session encounter," after reviewing the matter in camera, the Court is not convinced evidence of the matter will be probative for any permissible purpose. Further, any probative value is outweighed by unfair prejudice. The motion as to that event is granted.

As to events "that Lafferty was involved in an executive session argument in February 2025," after reviewing the matter in camera, the Court agrees with the Government that the matter can be probative of intent, absence of mistake, or lack of accident. The motion as to that event is denied and evidence of the February 2025 incident is admissible.

As to statements Defendant made about "dead councilmen and dead council reps," these statements were made contemporaneously with statements that are the subject matter of Count I. The Court considers the statements "inextricably intertwined with the crime charged such that [they] complete[ ] the story or provide[ ] context to the charged crime." United States v. Guzman, 926 F.3d 991, 1000 (8th Cir. 2019) (citation modified). Evidence that "merely shows the full context of the charged crime . . . is . . . not governed by Rule 404(b)." United States v. Carroll, 207 F.3d 465, 468 (8th Cir. 2000). The motion as to these statements is denied.

Finally, Defendant moves to exclude evidence that he has a gun or produced a gun. Lafferty asks that such evidence be barred because the Government did not produce in discovery any such evidence. The Government did not respond to this motion. The motion as to firearms is granted. The Government may not imply or argue that Defendant actually possessed a gun.

3

### 3. Information about Any Statements Lafferty Made at the Eagle Butte IHS Facility Around July 21, 2025

Defendant renews arguments already made in denied motions to suppress and dismiss. Doc. 75 at 12–14. Subpart 3 is denied for the same reasons given in Docs. 77 and 78.

### B. Government's First Motions in Limine

The Government's Motions in Limine, Doc. 74, consist of eight subparts.

#### 1. References to Penalty or Punishment

The Government moves to preclude "the Defendant, his attorney, or any witness from making any comment or reference, whether direct or indirect, to penalty or punishment in this case." Doc. 75 at 1. It argues reference to penalty "is irrelevant as to whether the Defendant committed the crimes charged in this case and poses a substantial danger of confusing the issues and misleading the jury." Id. (citing United States v. Wilcox, 487 F.3d 1163, 1173–74 (8th Cir. 2007)). Lafferty "does not intend to present evidence regarding his potential sentence," but argues he should be able to argue his charges are serious and "that it is unfair that he is being held to answer a criminal charge under the circumstances." Doc. 84 at 1.

The Court agrees with the Government's position and finds it compatible with Lafferty's wishes. Subpart one is granted. This does not preclude Lafferty from commenting on the seriousness of his charges.

#### 2. Felony Charges

The Government moves to exclude any mention that Lafferty's charges are felonies, "or that a felony conviction could have an adverse effect on career plans, education, or the Defendant's future." Doc. 75 at 2. Lafferty argues he "should be allowed to contend that he thinks it is unfair that he faces a felony charge under the circumstances of this case. The Defendant likewise wants to talk about his plans for the future." Doc. 84 at 1.

4

Defendant's plans for the future are irrelevant to whether he committed the charged crimes. Introduction of such evidence will derail the jury into considering the consequences of its verdict, when its only task "is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." Shannon v. United States, 512 U.S. 573, 579 (1994).

However, the Court can find no meaningful difference between allowing Lafferty to comment on the seriousness of his charged offenses and naming them as felonies. Subpart two is granted in part and denied in part. The Court will not preclude Lafferty's use of the word "felony," but it does exclude any reference to Lafferty's plans for the future or the effect a conviction may have on such plans.

### 3.  Opining on Guilt or Innocence

The Government "requests an order precluding the Defendant, his attorney, or any witness to refrain from making any comments or reference, whether direct or indirect, to express their personal opinion on the Defendant's guilt or innocence." Doc. 75 at 2. Lafferty finds such a request impractical as it may implicate his ability to argue the Government's burden of proof has not been met. Doc. 84 at 2.

"Evidence expressing an opinion on a defendant's innocence or guilt 'invades the province of the jury' and is inadmissible." Martinez, 2024 WL 4491497, at *8 (quoting United States v. Thirion, 813 F.2d 146, 156 (8th Cir. 1987)); see also Wesson v. United States, 164 F.2d, 50, 55 (8th Cir. 1947) ("And any such unnecessary opinion evidence in a criminal case that will inescapably be a plain expression of the witness's opinion of the defendant's guilt . . . should be scrupulously avoided."). Not Lafferty, the attorneys, nor any witnesses may opine on the guilt or innocence of the Defendant. This does not preclude Lafferty or his attorney from arguing

5

whether the evidence presented at trial establishes guilt beyond a reasonable doubt. Nor does it preclude Defendant from taking the stand to testify in his own defense. Subpart three is granted.

### 4. Hearsay Statements of the Defendant Offered by the Defendant

The Government moves to exclude the Defendant or his attorney from introducing hearsay statements made by the Defendant without a proper exception. Doc. 75 at 2. Lafferty argues there may be times when the admission of such statements is critical in developing the cross-examination testimony. Doc. 84 at 2.

"Unless an exception otherwise applies, a defendant's out-of-court statements, if offered by the defendant to prove the truth of the matter asserted, are inadmissible as hearsay." Martinez, 2024 WL 4491497, at *8 (citing Fed. R. Evid. 801(c)–(d)). "And a defendant cannot elicit their own exculpatory hearsay statements through the cross-examination of other witnesses." Id.

Subpart four is granted. Defense counsel should approach the bench and visit with the Court if it seeks to introduce this hearsay under an exception.

### 5. Sequestration of Witnesses

Pursuant to Federal Rule of Evidence 615, "[t]he Government moves that all witnesses be sequestered, with the exception of one investigator or agent each for the Government and the Defendant." Doc. 75 at 3. Lafferty does not oppose this request so long as he is not sequestered. Subpart five is granted. Each party may have one agent or investigator at counsel table (Special Agent Andrew Witte for the Government and Investigator Jason Baldwin for Defendant). Defendant will not be sequestered. The Court acknowledges Lafferty's notice that his investigator "will at times be in and out of the courtroom." Doc. 84 at 3.

At the pretrial conference, the question arose whether counsel may "prepare" a sworn-in witness during a break in their testimony. The Court believes the "truth-seeking function of the trial" is best served by prohibiting such preparation of nondefendant witnesses while they are sworn in and in the middle of testimony. See Perry v. Leeke, 488 U.S. 272, 280–85 (1989); see also United States v. Calderin-Rodriguez, 244 F.3d 977, (8th Cir. 2001) ("Assuredly, the district court, in exercise of its discretion in regulating the conduct of the trial, may impose restrictions on an attorney's contact with witnesses during trial, not only to prevent unethical coaching, but also simply to preserve the status quo during breaks in testimony."). While the Court forbids preparation on substantive issues, this does not preclude counsel from engaging in rudimentary conversation with witnesses or providing or seeking assistance with administrative or procedural matters. The Court does not prohibit "consultation between [the] defendant and his counsel during such brief recesses." Perry, 488 U.S. at 284.

### 6. Specific Instances of Conduct

The Government moves the Court "for an order barring any questions, opening argument, testimony, or evidence regarding specific instances of conduct concerning the Government's witnesses that is proscribed by the Federal Rules of Evidence." Doc. 75 at 3-4. Lafferty warns that "[d]uring this trial, there could be questions about witnesses making inconsistent or factually false prior statements." Doc. 84 at 3. Further, Lafferty might have "questions about motive, bias," or other topics that "bear upon the veracity" of witness testimony. Id.

Subject to exceptions for a defendant or victim in a criminal case, or a witness, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). Specifically, as to witnesses, "the court may, on cross-examination, allow [specific

instances of conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about." Fed. R. Evid. 608(b). But "[e]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Id.

The Court is mindful of these exceptions. Where a question exists as to whether an exception is being properly invoked, the Court will entertain an objection. Here, the Government merely asks the Court to exclude evidence proscribed by the rules. To that extent, subpart 6 is granted.

### 7. Reference to Matters Required to be Raised by Pretrial Motion

"The Government moves the Court for an order precluding the Defendant, his attorney, or any witness from making any comments or references, whether direct or indirect, to matters that are required to be raised before trial, as set forth by Federal Rule of Criminal Procedure 12(b)(3)." Doc. 75 at 4. Namely:

(A) a defect in instituting the prosecution, including:

(i) improper venue;

(ii) preindictment delay;

(iii) a violation of the constitutional right to a speedy trial;

(iv) selective or vindictive prosecution; and

(v) an error in the grand-jury proceeding or preliminary hearing;

(B) a defect in the indictment or information, including:

(i) joining two or more offenses in the same count (duplicity);

(ii) charging the same offense in more than one count (multiplicity);

        (iii)    lack of specificity;

        (iv)    improper joinder; and

        (v)    failure to state an offense;

(C)    suppression of evidence;

(D)    severance of charges or defendants under Rule 14; and

(E)    discovery under Rule 16.

Doc 75 at 4–5.

The Government argues such matters are now irrelevant and would be unfairly prejudicial. Id. at 5.

The Court agrees. Subpart 7 is granted. This does not preclude Defendant from preserving an objection for appeal or arguing "what the evidence will show." Doc. 84 at 4.

### 8. Reference to Charging Decisions

The Government moves the Court to exclude comments or references to "the charging decisions of the Government." Doc. 75 at 5. The Government considers such matters "irrelevant and unfairly prejudicial." Id. Defendant "resists this request completely," arguing "the government is often alleged to have overcharged, gotten it wrong, been heavy-handed, pursued a charge that disregards common sense, or failed to meet its burden of proof." Doc. 84 at 5.

"References to the Government's charging decisions generally offer 'minimum probative value' and are typically 'outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury.'" United States v. Garrett, No. 4:24-CR-40137-RAL, 2025 WL 1576726, at *5 (D.S.D. June 4, 2025) (quoting United States v. Reed, 641 F.3d 992, 993–94 (8th Cir. 2011)). Subpart 8 is granted. This does not preclude Defendant from arguing the Government failed to meet its burden of proof at trial.

### III. Order

For the above reasons, and the record as it now exists before the Court, it is hereby

ORDERED that Defendant's Motions in Limine, Doc. 72, are granted in part and denied in part in accordance with this Order and Opinion. It is further

ORDERED that the Government's First Motions in Limine, Doc. 74, are granted in part and denied in part in accordance with this Order and Opinion.

DATED this 20th day of January, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE